UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN EDWARD ROACH,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL,<br><br>　　　　　　　　Respondent. | CASE NO. 22-5226 RJB<br><br>ORDER TRANSFERRING PETITION AS SECOND OR SUCESSIVE |

This matter comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Dkt. 1. The Court has reviewed the relevant documents and the remainder of the file herein.

In his petition, the Petitioner seeks relief from his 2006 conviction of one count of second-degree felony assault of a child in Pierce County, Washington Superior Court. Dkt. 1. Petitioner received a 41-month sentence. *Id.* He asserts that the prosecutor engaged in misconduct, he received ineffective assistance of trial and appellate counsel, and that his Fourteenth Amendment rights were violated. *Id.* Petitioner attaches pleadings and an apparent

- 1

portion of a hearing transcript from his criminal case, a March 29, 2022 ruling from the Washington State Supreme Court, denying Petitioner's 2021 personal restraint petition (which also sought relief from his 2006 conviction) as untimely, and what appears to be correspondence related to his 2021 personal restraint petition. Dkt. 1, at 15-30. This is Petitioner's third petition and will be referred to in this order as "Third Petition."

In 2009, Petitioner filed a habeas petition ("First Petition") in this Court seeking relief from the same 2006 conviction. *Roach v. Vail,* U.S. District Court for the Western Dist. of Washington case number 09-5155 RBL-JRC, Dkt. 1. In the First Petition, he asserted that the prosecutor engaged in misconduct, that he received ineffective assistance of counsel, and his due process rights were violated. *Id.,* at 7. After it was noted that Petitioner was no longer in custody, his First Petition was denied as procedurally barred and a certificate of appealability was denied. *Id.,* at 29. The Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. *Id.,* Dkt. 35.

On April 20, 2018, the Petitioner filed another habeas petition ("Second Petition") challenging his 2006 conviction, asserting that he received ineffective assistance of trial and appellate counsel. *Roach v. State of Washington,* U.S. District Court for the Western Dist. of Washington case number 18-5305 RJB-DWC, Dkt. 1. On May 18, 2018, the Second Petition was dismissed without prejudice as a second or successive petition and the certificate of appealability was denied. *Id.,* Dkt. 6.

In this case, on April 14, 2022, the Petitioner filed an additional pleading he entitled "Response." Dkt. 4. In this pleading, the Petitioner repeats his claims. *Id.*

**DISCUSSION**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). "A petition can be deemed 'second or successive' under § 2244(b) only if it challenges the same state court judgment challenged in an earlier petition." *Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020). A district court is without jurisdiction to entertain a second or successive habeas corpus petition without a petitioner first seeking and receiving authorization from the appropriate court of appeals. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

This case should be transferred to the Ninth Circuit Court of Appeals. The Third Petition is a "second or successive petition." The Petitioner again raises claims to challenge his 2006 conviction. There is nothing in the record to indicate that Petitioner sought or received authorization from the Ninth Circuit Court of Appeals directing this Court to consider the Third Petition. Accordingly, this Court does not have jurisdiction to consider the Third Petition and it should be transferred to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3.

Therefore, this case is hereby:

**TRANSFERRED** to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3. Petitioner is advised that this transfer does not of itself constitute compliance with § 2244(b)(3)(A) and Ninth Circuit Rule 22-3.

The Clerk is directed to close this case and to transfer all documents to the Ninth Circuit Court of Appeals. The Clerk is further directed to send a copy of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of April, 2022.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge